# Exhibit "C"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------X
The Bank of New York Mellon FKA The
Bank of New York, as Trustee for the
Certificateholders of CWALT, Inc.,
Alternative Loan Trust 2007-11T1,
Mortgage Pass-Through Certificates, §
Series 2007-11T1,

                      Plaintiff(s),

-against-

Alfred Del Rio A/K/A Alfredo Del Rio,
Olivia Del Rio, Mortgage Electronic
Registration Systems, Inc. acting solely as
nominee for Countrywide Bank, N.A.,
its successors and assigns,
Bank of America, N.A., "JOHN DOE #1" to
"JOHN DOE #10", the last 10 names
being fictitious and unknown to plaintiff,
the persons or parties intended being the
person or parties, if any, having or claiming
an interest in or lien upon the mortgaged
premises described in the complaint,

                      Defendant(s).
---------------------------------------------------------X

Index No: 36469/2019E

**VERIFIED ANSWER
WITH COUNTERCLAIMS**

    The Defendants Alfred Del Rio and Olivia Del Rio (hereinafter collectively referred to as "Defendants") by and through their attorneys, Shiryak, Bowman, Anderson, Gill & Kadochnikov LLP, as and for their Verified Answer as follows:

    1.    Defendants Alfred Del Rio and Olivia Del Rio are the owners of record in relation to the subject premises.

    2.    Defendants deny each and every allegation contained in paragraphs "2", "3", "5", "7", "8", "9", "10", "13", "16".

    3.    Defendants deny knowledge or information sufficient to form a belief as to each

and every allegation referred to in paragraphs "1", "4", "6", "11", "12", "14", "15", "17, and refers all questions of law to the court.

4. Defendants reserve all jurisdictional defenses.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5. The Court should dismiss Plaintiff's cause of action for failure to state a claim upon which relief can be granted since Plaintiff has not produced the original note and mortgage; and Plaintiff has not produced documentation proving the chain of custody for the original note and mortgage.

6. The Plaintiff has failed to establish it as a holder of the note by endorsement at the time the foreclosure action was commenced. See First Trust Nat. Asso'n v.Meisels, 234 AD2d 414,651 NYS 2d 121 (2nd Dept. 1996). Furthermore, in Kluge v. Fugazi, 145 AD2d 537,536 NYS2d 92 (2nd Dept. 1988) the Court held that the assignment of the mortgage without transfer of the debt is a nullity and a cause of action for foreclosure must fail. See also Merritt v. Bartholick, 36 NY 44 (1867).

7. Therefore, the Defendants respectfully request that the Court dismiss this Complaint for lack of standing.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

8. The Court should dismiss Plaintiff's cause of action against Defendants for lack of legal capacity since Plaintiff was not a holder in due course being that it was never assigned the mortgage before, during, or after the claimed default; and Plaintiff has not produced documentation proving the chain of custody for the original note and mortgage.

9. The doctrine of legal capacity concerns a litigant's power to appear and bring its grievance before the Court. Cmty. Bd. 7 v. Schaffer, 84 N.Y.2d 148, 155 (NY 1994). Legal capacity to sue, or lack thereof, often depends purely on the litigant's status, such as that of an infant, adjudicated incompetent, a trustee, certain governmental entities or, as in this case, a business corporation. See Westside Fed.Sav. & Loan Assn. of N.Y. City v. Fitzgerald, 136 AD2d 699 (1988) (where absorbed corporation ceased to exist as an independent jural entity, it lacked capacity to commence lawsuit).

10. In this case, Defendants maintains that Plaintiff lacks legal capacity to bring suit because it is not a holder in due course. The issue of lack of capacity does not implicate the jurisdiction of the Court; it is merely a ground for dismissal. CPLR 3211(a)(3); City of New York v. State of New York, 86 NY2d 286,292 (1995). To be considered a "holder in due course" one must take without notice of default or defect.

11. Therefore, the assignment is defective and the Plaintiff is not the holder of the note. As a result, the instant matter should be dismissed.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

12. Plaintiff's complaint does not have the October 20, 2010 affirmation as promulgated by Chief Administrative Judge Ann T. Pfau and announced as an Administrative Order by Chief Judge Jonathan Lippman that Plaintiff's counsel is mandated to provide an affirmation to the court showing that attorneys' have personal knowledge that the documents and affidavits provided by Plaintiff were indeed signed by those who claimed to have signed it, as well as the documents and affidavits were signed in front of the notary claimed on the day claimed, and that the signer actually had personal knowledge of the facts they claim to have

personal knowledge thereof.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

13. The assignments Plaintiff may allege is fatally defective as executed by a known robo-signer, who is not a secretary or officer in any capacity for the company he claims to be when he allegedly executed the assignment.

14. If such assignments exist, upon information and belief, the assigning signatory did not have authority to execute a purported assignment.

15. Upon information and belief, any assignment is improperly and unlawfully notarized.

16. These deceptive and false practices of the Plaintiff and any alleged assignee with all said parties being in conflict and robo-signing false filings prohibits standing of Plaintiff and mandates this Court to question the propriety of the transactions leading to the filing of this Complaint.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

17. Upon information and belief, the note and mortgage was procured by deceptive and fraudulent Practices constituting "predatory lending" as contemplated by State and Federal law; specifically, Plaintiff intentionally exercised improper, inadequate or nonexistent due diligence regarding Defendants' ability to repay the amounts due under the note and mortgage.

### AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

18. Upon information and belief, the note and mortgage was procured by deceptive and fraudulent Practices constituting "predatory lending" as contemplated by State and Federal law; specifically Plaintiff's intentional and improper placement of Defendants into sub-prime

loan products resulted in excessively high interest rates, longer loan terms and impaired refinancing flexibility to the sole benefit of the lender.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

19. Upon information and belief, the note and mortgage was procured by deceptive and fraudulent Practices constituting "predatory lending" as contemplated by State and Federal law, specifically, Plaintiff intentionally failed to provide state and federally mandated Truth-In-Lending documents ("TILA disclosures") regarding material elements of the financing being obtained, including, without limitations, matters relating to closing costs and fees, counseling services, loan terms and amortization schedules.

### AS AND FOR A EIGHT AFFIRMATIVE DEFENSE

20. Upon information and belief, the note and mortgage was procured by deceptive and fraudulent Practices constituting "predatory lending" as contemplated by State and Federal law, specifically, Plaintiff's violated New York Banking law § 6-L(2)(m), in that the amount financed to cover the costs of the loan were in excess of 3 percent of the principal amount of the loan.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

23. Upon information and belief, the note and mortgage was procured by deceptive and Fraudulent practices consisting "predatory lending" as contemplated by State and Federal Law, specifically, at the time of application, Plaintiff failed to provide a list of credit counselors as contemplated under New York State Banking Law §6-L(2)(1)(1).

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

24. Plaintiff was in violation of the terms of the mortgage.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

25. Plaintiff has failed to make parties to this action certain persons in the absence of which complete relief cannot be accorded between the parties to the action or who might be inequitably affected by a judgment in the action.

### AS AND FOR A TWELTH AFFIRMATIVE DEFENSE

26. Plaintiff is prevented from collecting some or all of the alleged amounts owed due to the Statute of Limitations being expired.

### COUNTERCLAIMS

27. Defendants Alfred Del Rio and Olivia Del Rio repeat, reiterate and reallege each and every allegation in the above Paragraphs. Upon information and belief, the Defendants allege the following:

### AS AND FOR A FIRST COUNTERCLAIM

28. Defendants reassert and reallege all previous paragraphs as though fully set forth herein. The mortgage at issue herein is the product of predatory mortgage lending practices that have been targeted upon and practiced against low-income, immigrant and/or minority homeowners in New York City, including Defendants.

29. Said predatory mortgage lending practices strip borrowers, such as Defendants, of

home equity and threaten families with foreclosure, destabilizing the borrowers' communities.

30. The Plaintiff and/or its predecessors and/or its agents have committed numerous acts that constitute, by themselves or in conjunction with their course of conduct, predatory lending. Such acts include, but may not be limited to the following: (a) charging excessive fees; (b) abusive prepayment penalties; (c) inclusion of kickbacks and/or unconscionable or unlawful yield spread premium; (d) bundling the underlying loan with unnecessary products; (e) incorporating a mandatory arbitration clause in the subject loan; (e) unlawful steering and targeting of Defendants to the particular loan product involved herein when Defendants could have qualified for more favorable interest rates and/or terms; (f) unlawful steering and targeting of Defendants to the particular loan product involved herein when Plaintiff knew or should have known that the Defendants could not reasonably afford the monthly payments of principal and interest required under the subject mortgage or promissory note.

## AS AND FOR A SECOND COUNTERCLAIM

31. Defendants reassert and reallege all previous paragraphs as though fully set forth herein. At the time of the subject transaction, Plaintiff and/or its predecessors acted as a creditor regularly engaged in the making of (equitable) mortgage loans, payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, whether in connection with loans, sales of property or services, or otherwise.

32. Plaintiff and/or its predecessors and/or its agents are subject to the Truth in Lending Act ("TILA"), 15 USC §1601 and its implementing regulations, Federal Reserve Board Regulation Z, 12 CFR §226.

33. As a result of the subject transaction, Plaintiff and/or its predecessors and/or its

agents acquired an interest in Defendants' home that secures the payment or performance of an obligation.

34. In the course of the subject transaction, Plaintiff and/or its predecessors and/or its agents violated the disclosure requirements of the TILA and Regulation Z by failing to make required disclosures and/or failing to make required disclosures in a timely manner.

35. Plaintiff and/or its predecessors and/or its agents failed to disclose properly and accurately the amount financed, in violation of 15 USC §1638Ia)(2) and 12 CFR §226.18(b).

36. Plaintiff and/or its predecessors and/or its agents failed to disclose properly and accurately the finance charge fees payable to third parties that were not bona fide or reasonable in amount, as required by 15 USC §1638(a)(3) and 12 CFR §226.4 and §226.18(d).

37. Plaintiff and/or its predecessors and/or its agents failed to disclose properly and accurately the annual percentage rate in violation of 15 USC §1638(a)(4) and 12 CFR §266.18 (e).

33. Plaintiff and/or its predecessors and/or its agents failed to disclose properly and accurately the "total payments" in violation of 15 USC §1638(a)(S) and 12 CFR §266.18(h).

38. Plaintiff and/or its predecessors and/or its agents failed to disclose properly and accurately the number, amount and due dates or period of payments scheduled to repay the obligation in violation of 15 USC §1638(a)(6) and 12 CFR §266.18 (g).

## AS AND FOR A THIRD COUNTERCLAIM

39. Defendants reassert and reallege all previous paragraphs as though fully set forth herein. Plaintiff and/or its predecessors and/or its agents conducted a business and/or furnished a service as those terms are defined in New York State General Business Law §349 (the

"Deceptive Practices Act").

40. Plaintiff and/or its predecessors and/or its agents violated the Deceptive Practices Act by engaging in acts and practices that were misleading in a material way, unfair, deceptive, and contrary to public policy and generally recognized standards of business.

41. These practices and acts include: misrepresenting to Defendants at the time of the subject transaction, the cost of paying back the loan on a long term basis given Defendants' income; targeting Defendants for subprime financing even though Defendants' credit rating may have qualified for a mainstream loan; failing to properly disclose the substance of the financing and ancillary products; and engaging in other practices that were misleading in a material way, unfair, deceptive, and contrary to public policy and generally recognized standards of business.

42. Defendants suffered serious injury as the result of Plaintiff's deceptive practices.

43. Plaintiff's practices have had and may continue to have a broad impact on consumers throughout New York State.

## AS AND FOR A FOURTH COUNTERCLAIM

44. Defendants reassert and reallege all previous paragraphs as though fully set forth herein. Plaintiff and/or its predecessors and/or its agents fraudulently and knowingly induced Defendants to enter into the subject transaction by making intentional misrepresentations and/or failing to provide material information, including but not limited to the following: misrepresenting to Defendants the monthly cost to finance the loan; misleading Defendants about ability to receive better, mainstream financing given their credit rating; misrepresenting to Defendants the nature of the documents required to be signed and the nature and details of the transaction; and failing to disclose to Defendants the material and substantive information

necessary for Defendants to make an informed decision about entering into the financing.

45. Defendants suffered serious injury as the result of their reliance on Plaintiffs' material and intentional misrepresentations and failures to disclose.

46. The actions and omissions of Plaintiff and/or its predecessors and/or its agents were willing, intentional and knowingly made.

### AS AND FOR A FIFTH COUNTERCLAIM

47. Defendants reassert and reallege all previous paragraphs as though fully set forth herein.

48. Pursuant to New York State Law, Plaintiff is liable for the attorney's fees incurred by the Defendants for the successful defense of a foreclosure action.

### AS AND FOR A SIXTH COUNTERCLAIM

49. Defendants reassert and reallege all previous paragraphs as though fully set forth herein.

50. Plaintiff should be estopped from seeking satisfaction of the note and mortgage because, upon information and belief, its misrepresentations induced Defendants into entering the note and mortgage under their current terms.

51. Therefore, equity should preclude Plaintiff from benefitting from such misrepresentation.

### AS AND FOR A SEVENTH COUNTERCLAIM FOR ECONOMIC DAMAGES

52. Defendants reassert and reallege all previous paragraphs as though fully set forth

herein.

53. The Plaintiff fraudulently brought this action without standing for the purpose of inducing Defendants to pay money they do not owe to Plaintiff.

54. The Defendants have suffered economic damages including incurring significant attorney's fees and costs of defending this action.

55. That as a result of the forgoing, Defendants have been damaged in the amount of at least [One Hundred Thousand Dollars ($100,000.00)] together with punitive damages, attorney's fees and costs.

### AS AND FOR A EIGHTH COUNTERCLAIM FOR ECONOMIC DAMAGES

56. Defendants reassert and reallege all previous paragraphs as though fully set forth herein.

57. The Plaintiff knowingly brought this action despite its knowledge that Plaintiff is barred by the Statute of Limitations.

58. The Defendants have suffered economic damages including incurring significant attorney's fees and costs of defending this action.

59. That as a result of the forgoing, Defendants have been damaged in the amount of at least [One Hundred Thousand Dollars ($100,000.00)] together with punitive damages, attorney's fees and costs.

60. Based upon the forgoing, Defendants demand vacatur of Lis pendens filed against the subject property and a judgement declaring that the instant mortgage is unenforceable against Defendants and a declaration that Plaintiff holds no liens on the subject property.

## AS AND FOR A NINTH COUNTERCLAIM TO QUIET TITLE PURSUANT TO RPAPL ARTICLE 15

61. Defendants reassert and reallege all previous paragraphs as though fully set forth herein.

62. On or about February 13, 2007, Defendants allegedly entered into a mortgage agreement (hereinafter "Mortgage Agreement") in the principal amount of $536,000.00 to purchase or improve the subject premises known as 5910 Tyndall Avenue, Bronx, NY 10471 (hereinafter, the "Subject Premises"), such Mortgage Agreement allegedly consolidating a mortgage agreement entered into by the Defendants on or about June 7, 2004 in the principal amount of $402,000.00 for the Subject Premises and a mortgage agreement entered into by the Defendants on or about February 13, 2007 in the principal amount of $146,632.22 for the Subject Premises. See Exhibit A for a copy of the Mortgage Agreement, which includes a description of the property.

63. In an August 24, 2009 summons and complaint and a supplemental October 23, 2009 summons and complaint, Plaintiff commenced a foreclosure action ("2009 Foreclosure Action") wherein they declared a default as against the mortgagor and accelerated the mortgage payments to make all amounts due.

64. Notably, the Plaintiff's predecessor-in-interest and plaintiff in the 2009 Foreclosure Action, The Bank of New York Mellon, for the Certificate holders Alternative Loan Trust 2007-11T1 Mortgage Pass-Through Certificates, Series 2007-11T1 Pass-Through Certificates, Series 2007-11T1, was the owner and holder of the Mortgage Agreement on a date prior to August 24, 2009, the date the 2009 Foreclosure Action was commenced. See Exhibit C for a copy of the assignment.

65. On September 14, 2015, the 2009 Foreclosure Action was voluntarily dismissed.

66. It has now been over six years since the date of default and acceleration for said mortgage and note.

67. Defendants Alfred Del Rio and Olivia Del Rio are the current owners in fee of the Subject Premises.

68. Defendant holds said premises as purchaser. It acquired the aforesaid estate by deed on December 17, 1997 from Diana McGonnell. A copy of said deed is attached hereto as Exhibit C.

69. Mortgage Agreement is a property interest that is adverse to the Defendant's interest.

70. The Plaintiffs unjustly and adversely claim or may claim to have, or it appears by the public records that they may claim some right in, title to, claim or demand against, or lien or encumbrance upon the said parcels of land, or one or more of them or some part thereof, the exact nature, extent and quality of which is unknown to Defendant, and Defendant alleges that such claims are unjust and that all such claims which the Plaintiffs may have had upon the premises above described were wholly and effectually extinguished, cut off and time barred by the statute of limitations, and that the Defendant is seized and possessed of said premises free of and wholly discharged from any and every such claim or lien.

71. Every Plaintiff is known and no Plaintiff is or might be an infant, mentally retarded, mentally ill or an alcohol abuser.

72. The judgment will not affect a person or persons not in being or ascertained at the commencement of the action, who by any contingency contained in a devise or grant or

otherwise, could afterward become entitled to a beneficial estate or interest in the property involved

73. Every person or persons in being who would have been entitled to such estate or interest if such event had happened immediately before the commencement of this action is named as a party thereto.

74. No personal claim is made against any Plaintiff herein except such Plaintiffs as may defend this action.

75. Defendants demand judgment against the Plaintiff and all persons claiming under them that they be forever barred from all claim or claims to an estate in the premises hereinbefore described, or lien or encumbrance thereupon of any kind or nature whatsoever; and that it be adjudged and decreed that the above Defendant is the lawful owner of said premises in fee simple and is entitled to the lawful, peaceable and uninterrupted possession thereof as against the Plaintiff herein, and all others whomsoever, and for such other and further relief as may be deemed just, together with the costs of this action.

**WHEREFORE**, the Defendant demands Judgment against the Plaintiff as follows:

a) That the Court rescinds the mortgage and dismiss the action;

b) That the Plaintiff and all persons claiming under them that they be forever barred from all claim or claims to an estate in the premises hereinbefore described, or lien or encumbrance thereupon of any kind or nature whatsoever; and that it be adjudged and decreed that the above plaintiff is the lawful owner of said premises in fee simple and is entitled to the lawful, peaceable and uninterrupted possession thereof as against the Defendants herein, and all others whomsoever, and for such other and further relief as may be deemed just, together with

the costs of this action

 c) That the Defendant be awarded damages equal to an amount of principal and interest paid by Defendants and attorney's fees incurred to defend this proceeding in an amount to be established by the court;

 d) Judgment granting a permanent injunction preventing Plaintiff from prosecuting this action.

 e) Declaratory judgment finding that Plaintiff failed to comply with 12 USC §1701, and that the action is barred.

 f) Judgment declaring that Plaintiff is barred from charging interest on the note and mortgage.

 g) Declaratory judgment stating that Plaintiff is equitably estopped from recovery on the mortgage; that no sums are owed to Plaintiff under the mortgage because of Plaintiff's failure to deal in good faith with the Defendant.

 h) Dismissal of the complaint.

 i) Interest, costs, disbursements and attorney fees as permitted by law.

 j) Compensatory damages in an amount to be determined by the Court.

 k) Punitive damages in an amount to be determined by the Court.

 l) Further relief as the Court may deem proper and just.

m.) That the Defendant be granted such other and further relief as the Court deems proper, together with the costs and disbursements of this action.

Dated: October 21, 2019
Kew Gardens, New York

           Yours etc.,
           SHIRYAK, BOWMAN, ANDERSON, GILL &
           KADOCHNIKOV, LLP

           By: Mark S. Anderson, Esq.
           *Attorney for Defendants Alfred Del Rio and Olivia Del Rio*
           80-02 Kew Gardens Road, Suite 600
           Kew Gardens, New York 11415
           (718) 332-9600

NYSCEF DOC. NO. 14
INDEX NO. 36469/2019E
RECEIVED NYSCEF: 10/21/2019

Case 1:19-cv-10312-VSB   Document 31-3   Filed 01/08/20   Page 18 of 18

## ATTORNEY CERTIFICATION

I, Mark S. Anderson, Esq., hereby certify, under penalty of perjury, and as an officer of the court, that to the best of my knowledge, information and belief, formed after an inquiry reasonably under the circumstances, the presentation of the papers or the contentions herein are not frivolous as defined in 22 NYCRR Section 130-1.1(c).

Dated: October 21, 2019
       Kew Gardens, New York

                                          Mark S. Anderson, Esq.