UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALFRED DEL RIO A/K/A ALFREDO DEL
RIO and OLIVIA DEL RIO

                Plaintiff(s),

-against -

McCABE, WEISBERG & CONWAY, LLC;
NEWREZ LLC D/B/A SHELLPOINT MORTGAGE
SERVICING; and THE BANK OF NEW YORK
MELLON FKA THE BANK OF NEW YORK, AS
TRUSTEE FOR THE CERTIFICATEHOLDERS OF
CWALT INC., ALTERNATIVE LOAN TRUST 2007-11T1,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES
2007-11T1

                Defendant(s).
-----------------------------------------------------------X

**Docket No: 1:19-cv-10312-VSB**

**FIRST AMENDED CLASS COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs, ALFRED DEL RIO A/K/A ALFREDO DEL and OLIVIA DEL RIO (hereinafter collectively referred to as "Plaintiffs"), by way of their complaint allege the following:

## INTRODUCTION

1. Plaintiff, through his undersigned counsel brings this class action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962 ("FDCPA"), and the New York Deceptive Acts and Practices law, General Business Law § 349. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. Jurisdiction is premised on 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to

28 U.S.C. §§ 2201 and 2202. Venue is premised on 28 U.S.C. § 1391 in that the conduct complained of occurred within the territorial jurisdiction of this Court.

**PARTIES**

3. Plaintiffs ALFRED DEL RIO A/K/A ALFREDO DEL and OLIVIA DEL RIO are natural persons who reside in Bronx County, State of New York.

4. Plaintiffs are consumers as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

5. Upon information and belief, McCABE, WEISBERG & CONWAY, LLC (hereinafter "McCabe"), is a law firm with its primary place of business located at 145 Huguenot Street, Suite 210, New Rochelle, NY 10801.

6. Upon information and belief, NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING (hereinafter "Shellpoint") is a foreign business corporation, with its registered agent at Corporation Service Company, 80 State Street. Albany, New York, 12207-2543.

7. Upon information and belief, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT INC., ALTERNATIVE LOAN TRUST 2007-11T1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-11T1 (hereinafter "Bank of New York") was and is a corporation and/or bank that conducted business within the State of New York.

8. Plaintiff alleges, upon information and belief, that Defendants regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another, and that the

principal purpose of each Defendant's business is debt collection, i.e. that more than half of Defendants' respective revenues derive from debt collection.

9. Upon information and belief, each Defendant is a "debt collector" under 15 U.S.C. 1692(a) because Defendants' regularly use the mail, telephone, and /or other instrumentality or interstate commerce to attempt to collect, directly or indirectly, defaulted consume debt that it did not originate.

10. Upon information and belief, Defendants Shellpoint and Bank of New York are "debt collectors" under 15 U.S.C. 1692 because on information and belief they acquired Plaintiff's debt after it allegedly went into default.

11. Defendant Bank of New York is a "debt collector" under 15 U.S.C. 1692 as the principal purpose of its business is the collection of debts, i.e. more than half of Defendant Bank of New York's respective revenue derives from debt collection. Defendant Bank of New York is the Plaintiff in thousands of foreclosure actions each year across the country. Upon information and belief Defendant Bank of New York's principal purpose of its business is the enforcement of the defaulted debt

12. Defendant McCabe is a "debt collector" under 15 U.S.C. 1692. McCabe's primary business is the prosecution of foreclosure actions, specifically in New York. Upon calling McCabe's New Rochelle office by phone, one will hear the disclaimer: "Please be advised that this firm is attempting to collect a debt and any information obtained will be used for that purpose."

13. Defendant Shellpoint is admittedly a "debt collector" under 15 U.S.C. 1692. For example, the following message appears on each of the statements sent to the Plaintiffs by Defendant Shellpoint: "NewRez LLC dba Shellpoint Mortgage Servicing is a debt

collector. This is an attempt to collect a debt and any information obtained will be used for that purpose."

14. Upon information and belief, Defendants Shellpoint and Bank of New York control McCabe's collection activities, such that there exists principal-agent relationship between (a) Shellpoint and McCabe and (b) Bank of New York and McCabe respectively.

15. Upon information and belief, Shellpoint controls Bank of New York's collection activities such that there exists principal-agent relationship between Shellpoint and Bank of New York.

16. Upon information and belief, Bank of New York controls Shellpoint's collection activities such that there exists a principal-agent relationship between Bank of New York and Shellpoint.

**STATEMENT OF FACTS**

17. On or about February 13, 2007, Plaintiffs allegedly entered into a mortgage agreement (hereinafter "Mortgage Agreement")in the principal amount of $536,000.00 to purchase or improve the subject premises known as 5910 Tyndall Avenue, Bronx, NY 10471 (hereinafter, the "Subject Premises"), such Mortgage Agreement allegedly consolidating a mortgage agreement entered into by the Defendants on or about June 7, 2004 in the principal amount of $402,000.00 for the Subject Premises and a mortgage agreement entered into by the Defendants on or about February 13, 2007 in the principal amount of $146,632.22 for the Subject Premises.

18. In an August 24, 2009 summons and complaint and a supplemental October 23, 2009 summons and complaint, Defendant Bank of New York or its predecessor-in-interest commenced a foreclosure action ("2009 Foreclosure Action") wherein they declared a

default as against the mortgagors, the Plaintiffs, and accelerated the mortgage payments to make all amounts due. On information and belief Bank of New York obtained the note of the Subject Premises after the debt has already been defaulted on.

19. On September 14, 2015, the 2009 Foreclosure Action was voluntarily discontinued.
20. There was no affirmative act on the part of any of the Defendants to revoke its election to accelerate, as required by controlling New York law.
21. The mortgage continued to be assigned, and on or about June 20, 2013 the mortgage was assigned to Defendant Bank of New York.
22. On August 29, 2019, more than four (4) years after the expiration of the statute of limitations, Defendant McCabe filed a foreclosure action (hereinafter "2019 Foreclosure Action") in Bronx County Supreme Court, on behalf of Defendant Bank of New York against Plaintiffs.
23. Upon information and belief, Defendant McCabe commenced the 2019 Foreclosure Action at the behest of and under the direction of Defendant Bank of New York and/or Shellpoint.
24. Upon information and belief, sometime between March 2019 and August 2019, while having full and complete knowledge that any mortgage on the Subject Premises is uncollectible due to the statute of limitations having expired, Shellpoint directed their agent Bank of New York to commence the 2019 Foreclosure Action
25. Upon information and belief, a successful outcome in the 2019 Foreclosure Action would benefit Shellpoint and/or Bank of New York directly, because Shellpoint and/or Bank of New York would be entitled to some or the entirety of the proceeds from any foreclosure auction.

26. Upon information and belief, a successful outcome in 2019 Foreclosure Action would benefit McCabe directly, as McCabe would earn a significant amount of legal fees for legal work rendered in conjunction with a time-barred foreclosure action.

27. Defendants McCabe and Bank of New York, in their 2019 Foreclosure Action complaint, failed to notify the Plaintiff that the debt it was seeking to collect was time-barred.

28. On or about October 21, 2019, Plaintiffs timely filed an answer with counterclaims seeking, among other reliefs, an order cancelling and discharging the mortgage as time-barred.

29. Despite the Plaintiffs' answer in the foreclosure action, the Defendants have continued their litigation of the 2019 Foreclosure Action.

### a. *FDCPA Violation*

30. Within the past year, Defendant Shellpoint has sent several statements to Plaintiffs, indicating that monthly payments were required and that amounts were due on the mortgage, despite the expiration of the statute of limitations. Statements were sent on the following dates, indicating the following:

| Date of Statement | Payment Due Date Indicated | Payment Amount Indicated |
|---|---|---|
| November 17, 2018 | December 1, 2018 | $554,501.82 |
| December 17, 2018 | January 1, 2019 | $501,521.24 |
| January 17, 2019 | February 1, 2019 | $505,799.02 |
| February 15, 2019 | March 1, 2019 | $510,076.80 |
| March 17, 2019 | April 1, 2019 | $514,354.58 |
| April 17, 2019 | May 1, 2019 | $296,863.90 |
| May 17, 2019 | June 1, 2019 | $305,191.85 |

| June 16, 2019 | July 1, 2019 | $313,664.90 |
| July 17, 2019 | August 1, 2019 | $322,005.95 |
| August 17, 2019 | September 1, 2019 | $330,334.00 |
| September 16, 2019 | October 1, 2019 | $339,072.05 |
| October 17, 2019 | November 1, 2019 | $347,400.00 |

31. Each of the above-listed statements is classified as an "initial communication" under 15 USC 1692 which were received by mail by the Plaintiffs shortly after the statement date indicated.

32. Each statement listed above indicated "AMOUNT DUE" with the corresponding amount, as outlined above, indicated as being owed on the monthly statement. Each statement further indicated "Total Amount Due" with the corresponding amount, as outlined above, indicated as being owed.

33. On or about March 29, 2019, more than three years after the 2009 foreclosure action was dismissed and more than three years after the expiration of the six-year statute of limitations, Defendant Shellpoint sent a letter to Plaintiffs falsely stating in big block letters "NOTICE OF DEFAULT AND INTENT TO ACCLERATE".

34. This notice is also classified as an initial communication under 15 USC 1692 which was received by mail by the Plaintiffs shortly after the date indicated on the notice .

35. This letter stated that Shellpoint was "acting as servicer on behalf of" Bank of New York.

36. The letter further falsely stated: "The Loan associated with the Security Instrument is in default for failure to pay amounts due. To cure this default you must pay all amounts due

under the terms of your Note and Security Instrument. As of 03/29/2019, the total amount necessary to bring the Loan current is $288,321.24."

37. The letter also stated that "If you have not cured the default within ninety (90) days of this notice, Shellpoint intends to accelerate the sums evidenced by the Note and Security instruments and declare same due and payable in full and to take other legally and contractually permitted action to collect the same, including foreclosure of the lien on the Property and sale of the Property."

38. On or about March 29, 2019, as second correspondence was sent to Plaintiffs from Shellpoint which stated in big block letters: "YOU MAY BE AT RISK OF FORECLOSURE. PLEASE READ THE FOLLOWING NOTICE CAREFULLY." This was a letter sent as part of the Defendant Shellpoint's debt collection business.

39. This second correspondence, further falsely stated "As of 03/29/2019, your home loan is 2005 days and $288,321.24 in default. Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home."

40. This second letter stated that Shellpoint was "acting as servicer on behalf of" Bank of New York.

41. On August 29, 2019, more than four (4) years after the expiration of the statute of limitations, Defendant McCabe filed a foreclosure action (hereinafter "2019 Foreclosure Action") in Bronx County Supreme Court, on behalf of Defendant Bank of New York against Plaintiffs and sent Plaintiffs the complaint instituting a new foreclosure action.

42. Attached to the summons and complaint, was a notice, signed by a McCabe attorney, which falsely stated in big block letters: "NOTICE: YOU ARE IN DANGER OF LOSING YOUR HOME".

43. This notice, signed by a McCabe attorney, attached to the summons and complaint further falsely stated: "if you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgement may be entered against you and you can lose your home."

## **CLASS ACTION ALLEGATIONS**

44. This action is brought as a class action, pursuant to Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all persons who were potentially subjected to letters from Shellpoint and time-barred foreclosure actions from Bank of New York and McCabe in the state of New York. These mortgages and foreclosure actions are barred by New York's six-year statute of limitations at CPLR 213.

45. Upon information and belief, McCabe files hundreds of time-barred foreclosure complaints a year in New York State. Upon information and belief, the identities of all class members, New York state homeowners, are readily ascertainable from the records of McCabe.

46. Upon information and belief, Shellpoint sends out thousands erroneous or false letters every year of the type described in the complaint. Upon information and belief, the identities of all class members are readily ascertainable from records of Shellpoint.

47. Upon information and belief, Bank of New York acquires thousands of time-barred notes and mortgages and brings thousands of lawsuits to enforce time-barred mortgages in New York State.

48. **Numerosity:** The class is so numerous that joinder of all class members in this action would be impracticable; upon information and belief, there are hundreds of persons in the class.

49. **Common Questions Predominate**: The claims of the named Plaintiff are typical of the claims of the class. Defendants have made false, deceptive or misleading representations in connection with the collection of a debt and Plaintiff has suffered from Defendants' conduct.

50. **Typicality**: The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

51. **Adequacy**: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer litigation. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

52. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

53. A class action is superior for the fair and efficient adjudication of this matter in that:

a. Individual actions are not economically feasible;

   b. Members of the class are likely to be unaware of their rights;

   c. Congress intended class actions to be the principal enforcement mechanist under the FDCPA

**FIRST CAUSE OF ACTION**

(Violation of Fair Debt Collection Practices Act)

54. Plaintiffs repeat and reallege and incorporates all the allegations made in paragraphs 1 through 53 as if fully set forth herein.

55. Letters akin to those sent by Defendants are to be evaluated under the "unsophisticated consumer" standard.

56. Defendants Shellpoint, and McCabe violated the following provisions of the FDCPA:

   a. 15 U.S.C. § 1692(e) by using false and deceptive representations in connection with the collection of the debt claimed to be owed by Plaintiff.

   b. 15 U.S.C. § 1692(e), by misrepresenting the character, amount, or legal status of the asserted debt.

57. As a result of Defendants' false and misleading statements wrongfully claiming that the Plaintiffs were in danger of losing their home, even after the 2009 foreclosure action was dismissed, Plaintiffs have suffered and continue to suffer severe emotional distress and anxiety.

58. As a result of Defendant Shellpoint's letters and statements, and in specific the March 29, 2019 letters, which were barred by the statute of limitations, Plaintiffs have suffered and continue to suffer severe emotional distress and anxiety.

59. As a result of the commencement of the 2019 Foreclosure Action by Defendant McCabe on behalf of Defendant Bank of New York, which was barred by the statute of limitations, Plaintiffs have suffered and continue to suffer severe emotional distress and anxiety.

60. Upon information and belief, Defendants were aware of the fact that the 2019 Foreclosure Action was barred by New York's six year statute of limitations. "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" U.S. Bank Tr., N.A. v. Aorta, 167 A.D.3d 807, 808, 89 N.Y.S.3d 717, 719 (2d Dep't 2018);

61. Execution of a "stipulation of discontinuance [does] not, by itself, constitute an affirmative act to revoke its election to accelerate" if the stipulation is silent on the issue of the election to accelerate. Bank of New York Mellon v. Craig, 169 A.D.3d 627, 93 N.Y.S.3d 425, 427–28 (2d Dep't Feb. 6, 2019). Furthermore, an order of discontinuance, in itself, is insufficient to evidence an affirmative act to revoke the election to accelerate the mortgage debt. Aorta, 167 A.D.3d at 809.

62. Here, by the face of the discontinuance, it is clear that the discontinuance itself contained no affirmative act revoking the 2009 acceleration. This was a *prima facie* indication that the 2019 Foreclosure action was barred by the six-year statute of limitations.

63. In its Complaint, Defendant Bank of New York, via its attorney Defendant McCabe, did not state that there was any revocation of the 2009 acceleration. As such, upon information and belief, Defendants failed to exercise the necessary due diligence and

appropriate steps to ensure the 2019 Foreclosure Action was not barred by the six-year statute of limitations.

64. In addition, upon information and belief, Defendants never sent any correspondences to Plaintiffs indicating their election to revoke the 2009 acceleration.

65. A foreclosure action is an attempt to collect a debt as defined by the FDCPA. As a result of the foreclosure action from August 29, 2019 brought by Defendant McCabe on behalf of Defendant Bank of New York, which is barred by the statute of limitations, Plaintiffs have suffered and continue to suffer severe emotional distress and anxiety.

66. By instituting the foreclosure action on August 29, 2019, Defendants Bank of New York and McCabe are taking an action that is prohibited by 15 U.S.C. § 1692(e).

67. As a result of each Defendants' material misrepresentations concerning the legal status and enforceability of the alleged debt, Plaintiffs reasonably believed that Defendants' would attempt to again improperly foreclose on their property and that they ran the risk of losing their property.

68. Defendant Shellpoint further violated the following provisions of the FDCPA:

   c. 15 U.S.C. §1692g, by failing to include in their notices, statements, and letters, a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; and

   d. 15 U.S.C. §1692g, by failing to include in their notices, statements, and letters a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the

consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    e. 15 U.S.C. §1692g, by failing to include in their notices, statements, and letters a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

69. Specifically, Defendant's letters from March 29. 2019 fail to identify the Plaintiff's current creditor.

70. Defendant's letters fail to make any mention or identify in any fashion, either the current creditor or the original creditor.

71. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such information clearly. Mere allusions to the creditor's identity are insufficient. The Letter must specifically and clearly identify the creditor of the collection account.

72. Furthermore, the Defendants' threats to take legal action on a debt that is time-barred is also misleading and/or deceptive.

73. Defendant is therefore liable to Plaintiff for actual, statutory, and as well as reasonable costs and attorneys' fees.

### SECOND CAUSE OFACTION
(Violation of the General Business Law)

74. Plaintiffs repeat and reallege and incorporates all the allegations made in paragraphs 1 through 73 as if fully set forth herein.

75. General Business Law section 349 prohibits the use of deceptive or unfair practices in connection with the collection of debts.

76. The collection of any debts associated with a residential mortgage is consumer-oriented in nature. This conduct potentially affects similarly situated consumers, as several million homeowners each year, across the country, take out residential mortgages, default, and are subject to the Defendants' collections effort and potential foreclosure proceedings.

77. Defendants Bank of New York, McCabe, and Shellpoint engaged in deceptive conduct in the collection of debts.

78. This deceptive conduct included sending notices which intentionally misrepresented the legal status of the debt and falsely claiming that Plaintiffs were in danger of losing their home when the foreclosure action from 2009 had been dismissed, and the new foreclosure action that commenced on August 29, 2019 was brought more than four years after the six-year statute of limitations.

79. Defendants Shellpoint, McCabe, and Bank of New York, either from their notices, statements, letters, or the foreclosure complaint: 1) threatened to take legal action on a debt they knew was time barred; and/or 2) threatened to Plaintiffs that they were at risk of losing their home, as a result of a debt they knew was time barred.

80. This conduct was materially deceptive and Plaintiffs have suffered actual injury as a result.

81. As a result of Defendants' false and misleading statements wrongfully claiming that the Plaintiffs were in danger of losing their home, even after the 2009 foreclosure action was dismissed, Plaintiffs have suffered and continue to suffer severe emotional distress and anxiety.

82. As a result of Defendant Shellpoint's letters and statements, and in specific the March 29, 2019 letters, which were barred by the statute of limitations, Plaintiffs have suffered and continue to suffer severe emotional distress and anxiety.

83. As a result of the commencement of the 2019 Foreclosure Action by Defendant McCabe on behalf of Defendant Bank of New York, which was barred by the statute of limitations, Plaintiffs have suffered and continue to suffer severe emotional distress and anxiety.

84. Plaintiffs are entitled to damages and attorney's fees as a result of Defendant's violation of General Business Law § 349.

# PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully requests this Court to:

a. An order certifying that Counts I and II may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

b. Award actual damages in an amount to be determined at trial;

c. Award statutory damages as set forth above;

d. Award reasonable attorney's fees, costs, and disbursements; and

e. Award such other and further relief as this Court may deem just and proper

Date: January 29, 2020
Kew Gardens, New York

> Yours etc.
> **SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV LLP**
>
> */s/ Andreas E. Christou*_____
> */s/ Alexander Kadochnikov*____
> Andreas E. Christou, Esq.
> Alexander Kadochnikov, Esq.
> *Attorneys for Plaintiff*
> 80-02 Kew Gardens Road, Suite 600
> Kew Gardens, NY 11415
> 718-332-9600