UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ALFRED DEL RIO A/K/A ALFREDO DEL RIO and OLIVIA DEL RIO, | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| McCABE, WEISBERG & CONWAY, LLC; | : | |
| NEWREZ LLC D/B/A SHELLPOINT | : | No.: 1:19-cv-10312-VSB |
| MORTGAGE SERVICING; and THE BANK | : | |
| OF NEW YORK MELLON F/K/A THE BANK | : | |
| OF NEW YORK, AS TRUSTEE FOR THE | : | |
| CERTIFICATE HOLDERS OF CWALT INC., | : | |
| ALTERNATIVE LOAN TRUST 2007-11T1, | : | |
| MORTGAGE PASS-THROUGH | : | |
| CERTIFICATES, SERIES 2007-11T1 | : | |
| Defendants. | | |

**MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION TO DISMISS THE AMENDED COMPLAINT AND/OR STRIKE CLASS
CLAIMS BY DEFENDANT, MCCABE, WEISBERG & CONWAY, LLC**

## Table of Contents

I.   Factual Background ............................................................................................. 1

   A.   Foreclosure Actions ..................................................................................... 1

   B.   This Action .................................................................................................. 3

II.  Arguments of Law ............................................................................................. 5

   A.   Plaintiffs Failed to State a Claim Upon Which Relief Can Be Granted ............... 5

   1.   Standard ...................................................................................................... 5

   2.   The Court Should Abstain from Adjudicating the Claims .................................. 6

   3.   *Noerr-Pennington* Doctrine Bars the Section 349 Claims .............................. 7

   4.   FDCPA Claims Fail ...................................................................................... 9

   5.   General Business Law Claims Fail ................................................................ 11

   6.   Emotional Distress Claims Should Be Dismissed ......................................... 12

   B.   Class Claims Should Be Stricken ................................................................ 13

   1.   Plaintiffs Have Not Plead Sufficient Facts to Show They Are A Class ............ 13

   2.   Commonality Is Legally Impossible ............................................................. 17

III.  Conclusion ...................................................................................................... 19

### Table of Authorities

<u>**Cases**</u>

*Alfred Weissman Real Estate, Inc. v. Big V Supermarkets, Inc.*, 707 N.Y.S. 2d 647 (2d Dep't 2000) ........................................................................................................................................1, 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................................................5

*Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69 (2d Cir. 1995) ..................................5

*Bank of New York Mellon v. Craig*, 93 N.Y.S. 3d 425 (N.Y. App. Div. 2019)...............................8

*Beattie v. D.M. Collections, Inc.*, 754 F.Supp. 383 (D. Del. 1991) ........................................ 9-10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...........................................................................5

*Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508 (1972).............................................7

*Cameron v. LR Credit 22, LLC*, 998 F. Supp. 2d 293 (S.D.N.Y. 2014) ............................. 6, 9-10

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002)........................................................5

*Christy v. EOS CCA*, 905 F. Supp. 2d. 648 (E.D. Pa. 2012) ........................................................10

*EMC Mtge. Corp. v. Patella*, 279 A.D.2d 604 (N.Y. App. Div. 2d. 2001) ..................................15

*Fritz v. Resurgent Capital Servs., LP*, 955 F. Supp. 2d 163 (E.D.N.Y. 2013) ..............................6

*Gaidon v. Guardian Life Ins. Co. of Am.*, 750 N.E.2d 1078 (2001) ....................................... 13-14

*Gallego v. Northland Grp. Inc.*, 814 F.3d 123 (2d Cir. 2016).......................................................17

*Gomez v. Resurgent Capital Services*, LP, 129 F. Supp. 3d 147 (S.D.N.Y. 2018) ................ 11-12

*Hess v. Coehn & Slamowitz* LLP, 637 F.3d 117 (2d Cir. 2011) ...................................................10

*In re Elysium-Chromadex Litigation*, 2018 WL 4907590 (S.D.N.Y. Sept. 27, 2018) ..................7

*In re Nassau Cnty. Strip Search Cases*, 461 F.3d 219 (2d Cir.2006) ..........................................13

*In re Scott*, 572 B.R. 492 (Bankr. S.D.N.Y. 2017) ......................................................................10

*In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. 2015) .....................................13-14, 17-18

*In re Taylor*, 584 B.R. 590 (E.D. N.Y. B.R. 2018)........................................................................8

*Lachi v. GE Capital Ban*k, 993 F. Supp. 2d 1228 (S.D. Cal. 2014) ............................................10

*Loiacono v. Goldberg*, 658 N.Y.S. 2d 138 (N.Y. App. Div. 1997).................................................8

*Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451 (S.D.N.Y. 2014)........................................17

*McCrobie v. Palisades Acquisition XVI, LLC*, 359 F. Supp. 3d 239 (W.D.N.Y. 2019) .................6

*Milone v. US Bank Nat'l Ass'n*, 164 A.D.3d 145 (N.Y. App. Div. 2018), *leave to appeal dismissed*, 34 N.Y.3d 1009 (2019)................................................................................................15

*Nationstar v. Mtge., LLC v. Weisblum*, 39 N.Y.S. 3d 491 (N.Y. App. Div. 2016) ..................8, 15

*NMNT Realty Corp v. Knoxville 2012 Trust*, 58 N.Y.S.3d 118 (App. Div. 2017) ....................8, 15

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 647 N.E. 2d 741 (1995)......................................................................................................................12

*Otor, S.A. v. Credit Lyonnais, S.A.*, 2006 WL 2613775 (S.D.N.Y. Sept. 11, 2006) ......................5

*Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67 (2d Cir. 1998) ............................................5

*Papetti v. Rawlings*, 121 F. Supp. 3d 340 (S.D.N.Y. 2015) ........................................................10

*People by Schneiderman v. Credit Suisse Sec. (USA) LLC*, 107 N.E.3d 515 (N.Y. 2018) ..........17

*Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus.*, 508 U.S. 49 (1993) ...................8

*Rothman v. Gregor*, 220 F.3d 81 (2d Cir. 2000)..........................................................................5

*Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, 163 F. Supp. 3d 109 (S.D.N.Y. 2016) ......................................................................................................12

*Sibersky v. Borah, Goldstein, Altschule & Schwartz, P.C.*, 2000 WL 1448635 (S.D.N.Y. Sept. 28, 2008) ....................................................................................................................................10

*Sirica v. Cellular Telephone Co.*, 647 N.Y.S. 2d 219 (App. Div. First Dept. 1996) .............. 12-13

*Statler v. Dell, Inc.*, 841 F.Supp.2d 642 (E.D.N.Y. 2012)............................................................17

*Suquilanda v. Cohen & Slamowitz, LLP*, 2011 WL 4344044 (S.D.N.Y. Sep. 8, 2011)...............10

*Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70 (2d Cir. 2015)................................. 13-14, 16

*T.F.T.F. Capital Corp. v. Marcus Dairy, Inc.*, 312 F.3d 90 (2d Cir. 2002) .............................. 7-8

*U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust v. Adhami*, 2019 WL 486086 (E.D.N.Y. Feb. 6, 2019)............................................................................................... 8-9

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ................................................................13

*Wells Fargo Bank, N.A. v. Burke*, 943 N.Y.S. 2d 540 (N.Y. App. Div. 2012).........................8, 15

*Wells Fargo Bank, N.A. v. Cohen*, 915 N.Y.S. 2d 569 (N.Y. App. Div. 2011)..............................8

*Wilson v. Nw. Mut. Ins., Co.*, 625 F.3d 54 (2d Cir. 2010) ...........................................................12

*Woodford v. Cmty. Action Agency of Greene Cty. Inc.*, 239 F.3d 517 (2d Cir. 2001) ...................6

## Statutes and Rules

15 U.S.C.S. § 1682.........................................................................................................................1

15 U.S.C.S. § 1692.........................................................................................................................9

15 U.S.C.S. § 1692a.....................................................................................................................10

15 U.S.C.S. § 1692e.................................................................................................................. 3-4, 9

CPLR 213........................................................................................................................................8

CPLR 214......................................................................................................................................17

*Federal Rule of Civil* 12...........................................................................................................5, 11

*Federal Rule of Civil Procedure* 23 .............................................................................. 13-14, 17-18

New York General Business Law § 349.......................................................1-4, 6-7, 9, 11-12, 17

## I.     Factual Background

This is a putative class action arising from alleged violations of the Fair Debt Collection Practices Act, 15 U.S. C. 1682, *et seq.* ("FDCPA"), and the New York General Business Law § 349 by plaintiffs, Alfred Del Rio and Olivia Del Rio ("plaintiffs") against defendants, McCabe, Weisberg & Conway, LLC ("McCabe"), Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") and The Bank of New York f/k/a The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-11T1, Mortgage Passthrough Certifications, Series 2007-11T1 ("Bank of New York").  Plaintiffs' claims against McCabe are based on the contention that McCabe engaged in misleading and deceptive debt collection practices by filing what plaintiffs contend was a time-barred foreclosure action on behalf of its client, Bank of New York.  The underlying foreclosure action, which includes a counterclaim alleging a violation of New York General Business Law § 349, is still pending in New York state court and has not been adjudicated as untimely filed.  Plaintiffs alleged damages include statutory and actual damages, emotional distress and attorneys' fees and costs of suit.

### A.     Foreclosure Actions

Plaintiffs alleged they entered into a mortgage agreement in the amount of $536,000.00 to purchase or improve the premises located at 5910 Tyndall Avenue, Bronx, New York ("the Premises") on or about February 13, 2007.  Doc. 34 at ¶ 17.  The mortgage consolidated a mortgage entered on June 7, 2004.  Doc. 34 at ¶ 17.  A foreclosure action related to the Premises was initiated on August 24, 2009.  Doc. 34 at ¶ 18; *see also* 2009 foreclosure summons and complaint, attached hereto as Exhibit "D."  Although the foreclosure summons identified plaintiffs, the complaint itself did not identify plaintiffs or their mortgage.  Exhibit "D." Plaintiffs in the 2009 foreclosure action filed an amended complaint identifying plaintiffs (Del

Rios) and their mortgage without leave of court.  2009 amended summons and complaint, attached hereto as Exhibit "E;" 2009 foreclosure docket, attached hereto as Exhibit "F."

On March 7, 2011, plaintiffs filed for Chapter 7 bankruptcy.  Bankruptcy filing, attached hereto as Exhibit "A."  The Premises was described as property securing the debt and it was indicated the property would be surrendered.  Exhibit "A" at p. 39.  An order of final decree discharging the debtor was entered on June 14, 2011.  Discharge of debtor order of final decree, attached hereto as Exhibit "B."

The mortgage was assigned to Bank of New York on or about June 20, 2013.  Doc. 34 at ¶ 21.  The foreclosure action was voluntarily discontinued on September 14, 2015.  Doc. 34 at ¶ 19.  Between November 2018 and October 2019, Shellpoint sent plaintiffs monthly statements indicating payment was required.  Doc. 34 at ¶ 30.

On August 29, 2019, McCabe initiated a foreclosure action against plaintiffs related to the Premises on behalf of its client, Bank of New York.  Doc. 34 at ¶ 22.  Plaintiffs alleged McCabe initiated the foreclosure action under the direction of Bank of New York or Shellpoint. Doc. 34 at ¶¶ 22-23.  According to plaintiffs, the 2019 foreclosure complaint included a notice threatening a default judgment that provided: "NOTICE: YOU ARE IN DANGER OF LOSING YOUR HOME."  Doc. 34 at ¶¶ 41-43.  Plaintiffs alleged McCabe failed to notify plaintiffs the 2019 foreclosure action was time barred.  Doc. 34 at ¶¶ 27.

Plaintiffs filed an answer in the 2019 foreclosure action and asserted the action was barred by the applicable statute of limitations and counterclaims.  Doc. 1 at ¶ 27.  The counterclaims included allegations of deceptive and misleading conduct.  Answer with counterclaims, attached as Exhibit "C."  Specifically, the Third Counterclaim is for an alleged violation of the New York State General Business Law § 349.  Exhibit "C" at pp. 8-9.

2

Plaintiffs did not allege the 2019 foreclosure action has been dismissed as time barred or that they have obtained relief on their counterclaims.  *See* Doc. 34.  Plaintiffs did not allege that McCabe or its client, Bank of New York, agreed and/or did not oppose plaintiffs' position the 2019 foreclosure action was untimely filed.  The 2019 foreclosure action is still pending before the New York state court and the issue of timeliness has not been adjudicated.

**B.      This Action**

Plaintiffs commenced this putative class action on November 6, 2019.  Doc. 1. Defendants moved to dismiss the complaint January 8, 2020.  Doc. 26, Doc. 30.  On January 10, 2020, the Court entered an order setting a briefing schedule on motions or ordering, "that Plaintiff shall file any amended complaint by January 29, 2020.  It is unlikely that Plaintiff will have a further opportunity to amend."  Doc. 33.

On January 29, 2020, plaintiffs filed an amended complaint.  Doc. 34.  Plaintiffs defined the putative class as "all persons who were potentially subjected to letters from Shellpoint and time-barred foreclosure actions from Bank of New York and McCabe."  Doc. 34 at ¶ 44. Plaintiffs alleged: "Upon information and belief, McCabe files hundreds of time-barred foreclosure complaints a year in New York State."  Doc. 34 at ¶¶ 44.  Plaintiffs asserted McCabe violated Section 1692e of the FDCPA (first cause of action) and Section 349 of the New York General Business Law (second cause of action).  Doc. 34.  Plaintiffs' claims are based on the contention the 2019 foreclosure action was time barred and therefore included a misrepresentation regarding the possibility that plaintiffs could lose their home.

Plaintiffs alleged McCabe violated Section 1692e by using false and deceptive representations in connection with collection of a debt and by misrepresenting the character, amount, or legal status of the asserted debt.  Doc. 34 at ¶ 56.  Plaintiffs further alleged they suffered emotional distress and anxiety as a result of McCabe's allegedly false and misleading statements in the 2019 foreclosure complaint and the filing of the 2019 foreclosure action.  Doc. 34 at ¶¶ 57, 59.  Plaintiffs alleged defendants knew the 2019 action was barred by the statute of limitations because there was no affirmative act revoking the 2009 acceleration.  Doc. 34 at ¶¶ 60-64.  Plaintiffs alleged defendants never sent any correspondence to plaintiffs indicating an election to revoke the 2009 acceleration.  Doc. 34 at ¶ 64.

Plaintiffs alleged the complained of conduct was a violation of New York General Business Law Section 349.  Doc. 34 at ¶¶ 75, 77-81, 83-84. Plaintiffs alleged emotional distress and anxiety in connection with the FDCPA and General Business Law Section 349 claims.  Doc. 34 at ¶¶ 57, 59, 83.

The amendments to plaintiff's complaint failed to correct the fatal defects in the complaint identified by defendants in their motions to dismiss the complaint.  Plaintiffs did not plead facts to establish they are consumers pursuant to the FDCPA.  Plaintiffs did not plead facts to establish the complained of conduct is consumer-oriented, as required by New York General Business Law Section 349.  Plaintiffs did not plead facts to make plausible certification of a cognizable class.  Plaintiffs' amended complaint should be dismissed with prejudice.

II.     **Arguments of Law**

A.      **Plaintiffs Failed to State a Claim Upon Which Relief Can Be Granted**

1.      **Standard**

Plaintiffs' claims must satisfy the pleading requirements of *Federal Rule of Civil* 12(b)(6).  To survive a motion to dismiss under *Rule* 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint must include "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.  A complaint must provide "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A complaint must include facts to plausibly support the legal sufficiency of the claims asserted.

The Court may consider the complaint and documents outside the complaint that are "integral" to the complaint.  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).  The complaint includes "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."  *Id.* at 152 (quoting *Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam)).  Additionally, the Court may consider "public documents such as court filings."  *Otor, S.A. v. Credit Lyonnais, S.A.*, 2006 WL 2613775, *2 (S.D.N.Y. Sept. 11, 2006) (citing *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000)); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) (citations omitted).

### 2.      The Court Should Abstain from Adjudicating the Claims

The Court should abstain from adjudicating plaintiffs' claims because plaintiffs have parallel litigation pending in New York state court.  Although generally disfavored, "the court may abstain in order to conserve federal judicial resources only in 'exceptional circumstances,' where the resolution of existing concurrent state-court litigation could result in 'comprehensive disposition of litigation."  *McCrobie v. Palisades Acquisition XVI, LLC*, 359 F. Supp. 3d 239, 248 (W.D.N.Y. 2019) (quoting *Woodford v. Cmty. Action Agency of Greene Cty. Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (citation omitted)).  "A finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*."  *Id.* at 249 (quoting *Fritz v. Resurgent Capital Servs., LP*, 955 F. Supp. 2d 163, 175 (quotation omitted)).  Although courts have found state court collection actions and federal FDCPA actions not to be parallel, the Southern District of New York does not appear to have considered the issue where the federal court plaintiffs raised counterclaims in the state collection action alleging the action to be barred by the statute of limitations and alleging misleading and deceptive collection practices.  *See, e.g.*, *id.* at 249; *Cameron v. LR Credit 22, LLC*, 998 F. Supp. 2d 293, 300 n. 8 (citations omitted).

Plaintiffs' claims in this action are parallel to their counterclaims in the ongoing 2019 foreclosure action in state court.  Plaintiffs not only asserted the statute of limitations as an affirmative defense in the 2019 foreclosure action but they also asserted counterclaims alleging misleading and deceptive conduct by defendants and a violation of New York General Business Law § 349.  *See* Exhibit "C."  The alleged misleading and deceptive conduct complained of in the state court action (filing a time-barred action and claiming an allegedly discharged debt was valid) is identical to the conduct that forms the basis for plaintiffs' claims in this action.

Plaintiffs elected to seek relief in state court and should not be permitted to carry on two parallel litigations.

Plaintiffs' claims in this action, like their counterclaims in the 2019 foreclosure action, also depend on an adjudication by the state court that the 2019 foreclosure action was time-barred and that the conduct resulting in the filing of the 2019 foreclosure action was deceptive. Whether the 2019 foreclosure action was timely filed has not been adjudicated by the state court. An adjudication by the state court that the 2019 foreclosure action was timely filed will necessarily defeat plaintiffs' claims in this action.

The Court should abstain from adjudicating plaintiffs' claims.  Dismissal of the claims by plaintiffs will eliminate parallel litigations in state and federal court regarding the same conduct. Accordingly, McCabe's motion to dismiss the amended complaint should be granted and plaintiffs' amended complaint should be dismissed.

### 3. *Noerr-Pennington* Doctrine Bars the Section 349 Claims

Whether plaintiffs can assert a claim against McCabe for alleged violations of General Business Law Section 349 depends on whether the *Noerr-Pennington* doctrine immunizes McCabe's activity. The *Noerr-Pennington* doctrine derives from the First Amendment's guarantee of "the right of the people . . . to petition the Government for a redress of grievances."  U.S. Const. Amend. I.  "The *Noerr-Pennington* doctrine generally immunizes from liability a party's commencement of a prior court proceeding."  *T.F.T.F. Capital Corp. v. Marcus Dairy, Inc.*, 312 F.3d 90, 93 (2d Cir. 2002) (citing *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972)).  New York courts have applied the *Noerr-Pennington* doctrine to Section 349 claims.  *In re Elysium-Chromadex Litigation*, 2018 WL 4907590, *4 (S.D.N.Y. Sept. 27, 2018) (citing *Alfred Weissman Real Estate, Inc. v. Big V Supermarkets, Inc.*,

707 N.Y.S. 2d 647 (2d Dep't 2000)).  The *Noerr-Pennington* doctrine does not apply to "sham"

litigation that is, "(1) 'objectively baseless' and (2) intended to cause harm to the defendant

'through the use [of] governmental *process* – as opposed to the *outcome* of that process . …"

*T.F.T.F. Capital Corp.*, 312 F.3d at 93 (quoting *Prof'l Real Estate Investors, Inc. v.  Columbia

Pictures Indus.*, 508 U.S. 49, 60-61 (1993) (internal quotations omitted, emphasis in original)).

　　　Mortgage foreclosure actions in New York are subject to a six-year statute of limitations

which begins to run on the date each installment payment is due.  *Bank of New York Mellon v.

Craig*, 93 N.Y.S. 3d 425, 427 (N.Y. App. Div. 2019) (citing CPLR 213(4); *Nationstar v. Mtge.,

LLC v. Weisblum*, 39 N.Y.S. 3d 491, 493 (N.Y. App. Div. 2016); *Wells Fargo Bank, N.A. v.

Burke*, 943 N.Y.S. 2d 540, 542 (N.Y. App. Div. 2012); *Wells Fargo Bank, N.A. v. Cohen*, 915

N.Y.S. 2d 569, 571 (N.Y. App. Div. 2011); *Loiacono v. Goldberg*, 658 N.Y.S. 2d 138, 139 (N.Y.

App. Div. 1997)).  "A lender may revoke its election to accelerate the mortgage, but it must do

so by an affirmative act of revocation occurring during the six-year statute of limitations period

subsequent to the initiation of the prior foreclosure action."  *Id.* 427 (quoting *NMNT Realty Corp

v. Knoxville 2012 Trust*, 58 N.Y.S.3d 118, 120 (App. Div. 2017); additional citations omitted).

"New York courts have acknowledged that the law has not specified exactly which act or acts are

sufficient to revoke acceleration."  *In re Taylor*, 584 B.R. 590, 595 (E.D. N.Y. B.R. 2018)

(citations omitted).  Although a stipulation of dismissal that is silent as to whether it intends to

revoke acceleration of the debt may not be sufficient to revoke the acceleration, courts

determining whether a foreclosure action is time-barred consider more than the stipulation itself.

*See U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust v. Adhami*, 2019 WL

486086 *5-6 (E.D.N.Y. Feb. 6, 2019).

McCabe is immunized from liability for initiation of the 2019 foreclosure action because the action was not objectively baseless.  Although the initial foreclosure action was initiated in 2009 and dismissed in 2015, plaintiffs filed for bankruptcy in 2011 and caused a three month stay.  *See* Exhibit "A;" Exhibit "B."  Moreover, the initial foreclosure action complaint did not identify plaintiffs or their mortgage.  Exhibit "D."  The drafting errors in the original foreclosure action create doubt as to whether the debt was ever legally accelerated. The voluntary dismissal of the original foreclosure action and the monthly statements suggest the creditor intended to revoke the acceleration, tolling the statute of limitations.  *See U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust v. Adhami*, 2019 WL 486086 at *5-6.  Given the good faith basis to initiate the 2019 foreclosure action, the *Noerr-Pennington* doctrine bars the Section 349 claim.  Accordingly, McCabe's motion to dismiss the amended complaint should be granted and the Section 349 claims dismissed with prejudice.

### 4.    FDCPA Claims Fail

Plaintiffs' FDCPA claims depend on whether plaintiffs are consumers pursuant to the statute and whether McCabe's conduct initiating the 2019 foreclosure action violated the FDCPA.  The FDCPA was enacted

> to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices aren't competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C.S. § 1692(3).  Section 1692e of the FDCPA prohibits a debt collector from using, "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C.S. § 1692e.  "[T]he threatening of a lawsuit which the debt collector knows or should know is unavailable or unwinnable by reason of a legal bar such as the statute of limitations is the kind of abusive practice the FDCPA was intended to eliminate."  *Cameron v.*

*LR Credit 22, LLC*, 998 F. Supp. 2d 293, 300 (S.D.N.Y. 2014) (quoting *Beattie v. D.M.*

*Collections, Inc.*, 754 F.Supp. 383, 393 (D. Del. 1991)).

Plaintiff must satisfy three threshold requirements to recover under the FDCPA,

(1) the plaintiff must be a 'consumer,'
(2) the defendant must be a 'debt collector,' and
(3) the defendant must have committed some action or omission in violation of the FDCPA.

*Papetti v. Rawlings*, 121 F. Supp. 3d 340, 348 (S.D.N.Y. 2015) (quoting *Suquilanda v. Cohen &*

*Slamowitz, LLP*, 2011 WL 4344044, *3 (S.D.N.Y. Sep. 8, 2011; citing *Hess v. Coehn &*

*Slamowitz* LLP, 637 F.3d 117, 120 (2d Cir. 2011)).

The FDCPA defines consumer and debt.  "The term 'consumer' means any natural

person obligated or allegedly obligated to pay any debt."  15 U.S.C.S. § 1692a(3).  "The term

'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a

transaction in which the money, property, insurance, or services which are the subject of the

transaction are primarily for personal, family, or household purposes[.]"  15 U.S.C.S. § 1692a(5).

Where a person received discharge from personal liability on a mortgage in a Chapter 7

bankruptcy, that person has no personal liability and cannot qualify as a consumer pursuant to

the FDCPA.  *In re Scott*, 572 B.R. 492, 499 (Bankr. S.D.N.Y. 2017) (citing *Lachi v. GE Capital*

*Ban*k, 993 F. Supp. 2d 1228, 1232 (S.D. Cal. 2014); *Christy v. EOS CCA*, 905 F. Supp. 2d. 648,

653 (E.D. Pa. 2012); *Sibersky v. Borah, Goldstein, Altschule & Schwartz, P.C.*, 2000 WL

1448635, *5 (S.D.N.Y. Sept. 28, 2008).

Plaintiffs can only establish a claim pursuant to the FDCPA if they are consumers.

Plaintiffs did not allege the Premises were obtained for personal or household purposes.

Plaintiffs merely alleged that the mortgage was obtained to purchase or improve the premises.

Although plaintiffs did not include allegations regarding their Chapter 7 bankruptcy, court filings

show plaintiffs indicated their intention to surrender the Premises in bankruptcy.  Plaintiffs do not qualify as a consumer pursuant to the FDCPA because they appear to have no personal liability for the Premises.

Moreover, filing the 2019 foreclosure action is a violation of the FDCPA only if McCabe knew or should have known the action was time barred.  Although plaintiffs baldly alleged the acceleration of the debt was not expressly revoked and therefore McCabe failed to exercise due diligence, this legal conclusion is not supported by the facts in plaintiffs' amended complaint or by the pleadings in either foreclosure action.  The legal conclusion is also not a "fact" that the Court must accept as true under the *Rule* 12(b)(6) standard.

The 2019 foreclosure action has not been adjudicated barred by the statute of limitations. The factual circumstances of plaintiffs' mortgage, the voluntary dismissal of the initial foreclosure action, and the bankruptcy created factual circumstances indicating the 2019 foreclosure action could be timely filed.  *See U.S. Bank Trust, N.A.*, 2019 WL 486086 at 5-6; *see also* Section II(A)(3), *supra*.  The likelihood that the 2019 foreclosure action was timely filed reflects McCabe could not, and should not, have known the action was barred by the statute of limitations.  Accordingly, McCabe's motion to dismiss the amended complaint should be granted and plaintiffs' FDCPA claims should be dismissed as to McCabe.

### 5.    General Business Law Claims Fail

Plaintiffs' General Business Law claims depend on whether the complained of conduct is consumer-oriented and does not depend on a unique contract dispute.  New York General Business Law Section 349 prohibits, "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state[.]"  GBL § 349(a).  To state a claim pursuant to Section 349, plaintiff must establish, "1) that the defendant's conduct is

11

'consumer-oriented,' 2) that the defendant is engaged in a 'deceptive act or practice,' and 3) that the plaintiff was injured by this practice." *Gomez v. Resurgent Capital Services*, LP, 129 F. Supp. 3d 147, 158 (S.D.N.Y. 2018) (quoting *Wilson v. Nw. Mut. Ins., Co.*, 625 F.3d 54, 64 (2d Cir. 2010)). "To be consumer-oriented under § 349, 'acts or practices [must] have a broader impact on consumers at large.'" *Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, 163 F. Supp. 3d 109, 115 (S.D.N.Y. 2016) (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 647 N.E. 2d 741, 745 (1995)). "Private contract disputes, unique to the parties," do not fall into the category of consumer-oriented conduct. *Oswego*, 647 N.E. 2d at 744.

Plaintiffs' claims arise out of a contract unique to them, a mortgage, and a specific set of facts they allege rendered the foreclosure action time barred. This is a private contract dispute that does not rise to the level of being consumer-oriented. Plaintiffs alleged the conduct is consumer-oriented in nature because it involved a residential mortgage, but the facts relate only to plaintiffs' mortgage contract related to the Premises and the facts related to foreclosure attempts against plaintiffs. The alleged conduct is unique to the parties and does not have a broader impact on consumers at large. Accordingly, McCabe's motion to dismiss the amended complaint should be granted and plaintiffs' Section 349 claim should be dismissed as to McCabe.

### 6.    Emotional Distress Claims Should Be Dismissed

Plaintiffs alleged emotional distress and anxiety in conjunction with the FDCPA and General Business Law Section 349 claims. Doc. 1 at ¶¶ 56, 58-59, 75, 77. Plaintiffs have purported to allege a putative class action lawsuit. Claims requiring individual assessments are not properly brought as class actions. *See Sirica v. Cellular Telephone Co.*, 647 N.Y.S. 2d 219,

220 (App. Div. First Dept. 1996) (citation omitted).  Emotional distress damages are highly individualized by their very nature and not appropriate for a class action.  Plaintiffs cannot both advance individual claims serving only their personal interests while serving as representatives of a putative class.  Accordingly, McCabe's motion to dismiss the amended complaint should be granted and plaintiffs' emotional distress and anxiety claims should be dismissed.

**B.      Class Claims Should Be Stricken**

### 1.      Plaintiffs Have Not Plead Sufficient Facts to Show They Are A Class

Plaintiffs' class claims depend on whether plaintiffs plead facts sufficient to make plausible the elements of class certification.  Pursuant to *Federal Rule of Civil Procedure* 23(a), a group of plaintiffs may litigate as a class if they meet four requirements—numerosity, commonality, typicality, and adequate representation. Fed. R. Civ. P. 23(a); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011); *see Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 80 (2d Cir. 2015); *In re Nassau Cnty. Strip Search Cases*, 461 F.3d 219, 225 (2d Cir.2006). A plaintiff must also demonstrate the proposed class "satisf[ies] at least one of the requirements of *Rule* 23(b). *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 404 (S.D.N.Y. 2015)

A plaintiff must "be ready to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 564 U.S. at 350; *Sykes*, 780 F.3d at 80.  A plaintiff cannot sustain its pleading burden by merely pleading the four elements of class certification *Scotts EZ Seed Litig.*, 304 F.R.D. at 404 (S.D.N.Y. 2015); s*ee also Twombly*, 550 U.S. at 555 ("'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"). Just as a plaintiff needs some facts coupled with the law it asserts to overcome the *Twombly*/*Iqbal* standard, a plaintiff needs some facts coupled with the law to form a class.

13

Commonality requires demonstration that the class members have suffered the same injury and that the common injury must be of such an issue that is capable of class-wide resolution, *i.e.,* an issue central to each member of the class will be resolved. *Scotts EZ Seed*, 304 F.R.D. at 405; *In re IndyMac Mort.-Backed Sec. Litig.*, 286 F.R.D. 226, 233 (S.D.N.Y.2012); *Dukes*, 564 U.S. at 349. Commonality is satisfied by determining the avenues for liability proposed by the plaintiff. *Scotts EZ Seed*, 304 F.R.D. at 405. *Rule* 23(b)(3) requires plaintiffs attempting to form a class to show predominance and superiority. *Sykes*, 780 F.3d at 81. A court may only grant class certification if questions of law or fact common to the class outweigh other factual questions specific to the individuals in the class and class action is a reasonable and efficient method of proceeding. *Id.*; Fed. R. Civ. P. 23(b)(3).

A court determines whether class treatment is appropriate by balancing:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

*Id.*; *Sykes*, 780 F.3d at 81. Next, a court looks to whether the representative parties will adequately protect the interests of the class. *Gallego v. Northland Grp. Inc*., 814 F.3d 123, 129 (2d Cir. 2016).

The putative class claims should be stricken because plaintiffs have (1) failed to plead sufficient facts to show that the class they purport to represent in fact exists; (2) they are typical of the persons they purport to represent; (3) the facts and law plead upset class-wide uniformity; and (4) their avenues for liability are bifurcated between two classes in a factually incongruent

manner.  Foreclosures are not uniform securities. Mortgages have different due dates that are optional for a mortgagee under certain circumstances.

For example, where a mortgage payable in installments is accelerated due to default and subsequent foreclosure, the entire amount is due and the six-year statute of limitations begins to run on the entire debt.  *EMC Mtge. Corp. v. Patella*, 279 A.D.2d 604, 605 (N.Y. App. Div. 2d. 2001); *Wells Fargo Bank, N.A. v. Burke*, 94 A.D.3d 980, 982 (N.Y. App. Div. 2d. 2012). New York law requires a mortgagee to take affirmative action to initiate an accelerating provision within a mortgage; prior to that election, an accelerating provision has no operation. *Burke*, 94 A.D.3d at 982–83. A mortgagee's election to accelerate is revocable by an affirmative act of revocation occurring during the six-year statute of limitations. *NMNT Realty Corp. v. Knoxville 2012 Tr.*, 151 A.D.3d 1068, 1069–70, (N.Y. App. Div. 2017). The absence of a valid acceleration would mean the statute of limitations never started to run. *Milone v. US Bank Nat'l Ass'n*, 164 A.D.3d 145, 153 (N.Y. App. Div. 2018), *leave to appeal dismissed*, 34 N.Y.3d 1009 (2019). Formation of a class based on mortgage acceleration is factually unsustainable.

In order to form a class here, plaintiffs would necessarily have to go on a fact-finding mission and determine whose accelerations were revoked and whose were not, and after that, determine whether those who were subject to accelerations fall within the statute of limitations period. That process alone inherently precludes class formation because it raises its own questions of law as applied to each member of the class: whether the accelerations were clear and unequivocal enough to become effective (*see Nationstar Mtge., LLC v. Weisblum*, 143 A.D.3d 877, 867 (N.Y. App. Div. 2d. 2016), and to the degree an acceleration was effective, whether it was properly and timely revoked. These questions of law and fact within the purported class preclude uniformity.

Plaintiffs likewise did not allege facts sufficient to make plausible that anyone in the putative class, as defined in the amended complaint, other than the plaintiffs exists. *See Dukes*, 564 U.S. at 350; *Sykes*, 780 F.3d at 80.  The amended complaint baldly alleged that "McCabe files hundreds of time-barred foreclosure complaints a year [and] the identities of all class members are readily ascertainable from the records of McCabe." *See* Doc. 1 at ¶ 42.  However, the amended complaint is devoid of any facts that allow for a conclusion that McCabe does in fact distribute and/or file time-barred foreclosure complaints on a regular basis. McCabe should not need to endure a fishing expedition in order for plaintiffs to learn whether other people experienced the exact and unique factual and legal circumstances presented. Even then (after a fact-finding mission), there would also have to be a separate determination to categorize time-barred foreclosure complaints from non-time-barred foreclosure complaints.

Plaintiffs cannot state a class claim based on facts that reveal only a class of two. Plaintiffs must allege facts sufficient to make plausible their assertion there was anyone other than themselves who had a foreclosure action filed against them, voluntarily dismissed after a bankruptcy and then refiled after sending numerous demands to pay the still unpaid mortgage that was, in fact, untimely filed.  Plaintiffs have failed to plead typicality insofar as they have alleged no facts to suggest any other putative class members exist; failed to plead facts to support sufficient putative class members exist to meet numerosity; and cannot establish the questions of law they present are in fact typical of the class they purport to represent where they have not alleged facts to support an inference that any other putative class member exists.  Plaintiffs must allege facts showing there is a foundation to form a class rather than simply plead that there is a class to establish the elements necessary for class action treatment.  *See Dukes*, 564 U.S. at 350; *Sykes*, 780 F.3d at 80.

16

Plaintiffs have not plead facts to make plausible the elements of class certification. Plaintiffs have not a plead a basis for class action treatment of their claims. Accordingly, the motion to dismiss the amended complaint and/or strike the class claims by McCabe should be granted and the class claims stricken.

### 2.   Commonality Is Legally Impossible

Plaintiffs alleged numerous causes of actions arising from different operative facts in a single putative class in such a way that makes commonality legally impossible. A violation of N.Y. Gen. Bus. L. § 349 has a three-year statute of limitations. *Gaidon v. Guardian Life Ins. Co. of Am.*, 750 N.E.2d 1078, 1082 (2001) (confining General Business Law § 349 to a three-year statute of limitations under CPLR 214(2)); *see also People by Schneiderman v. Credit Suisse Sec. (USA) LLC*, 107 N.E.3d 515, 517–18 (N.Y. 2018) (discussing *Giadon*). A Section 349 claim accrues when a plaintiff is injured by the actions alleged to have violated the Statute. *Gaidon*, 750 N.E. 2d at 1083; *Marshall v. Hyundai Motor Am.*, 51 F. Supp. 3d 451, 461 (S.D.N.Y. 2014); *see Statler v. Dell, Inc.,* 841 F.Supp.2d 642, 648 (E.D.N.Y. 2012).

While the formation of a class containing two different pools of people is not on its face legally impossible, the legal question(s) and theory of liability must remain congruent between those pools. For example in *Scotts EZ Seed*, 304 F.R.D. at 404, the plaintiff sought certification of two classes—one of persons in New York and the other from persons in California—that bought "EZ Seed [. . .] containing the label statement '50% Thicker With Half the Water[.]'" This class of two "pools" was acceptable to the extent of *Rule* 23(a) because it presented a class of people—consumers of a certain product—that all had the same ascertainable question: whether the seed grew grass as advertised. *Id* at 407–08. All putative class members, even between the New York and California pools, had suffered the same injury and had the same theory of liability inasmuch as they all allegedly relied on the same advertisement. *Id.*

17

Plaintiffs have alleged only one putative class.  The class definition includes both state and federal law claims.  The disparate statute of limitations between the two claims will create putative class members who will have only state claims going back three years and others who will have state and federal claims that arose within the past year. The potential pools of plaintiffs cannot have commonality if their questions of law fall under different bodies of law.

Unlike in *Scotts EZ Seed*, here, plaintiffs' claims have incongruent theories of liability from two different actors. Plaintiffs alleged claims arising from the transmission of payment notices / demands, transmission of foreclosure complaints indicating a plaintiff could lose his or her home where the complaint was untimely and commencement of a time-barred foreclosure action in one class.  The actor(s) allegedly responsible for the variety of complained of conduct differs. The resolution of claims specific to conduct by McCabe (sending foreclosure complaints / filing foreclosure actions) will not resolve the claims specific to the conduct by Shellpoint (sending notices).  The putative class members, as the putative class is defined by plaintiffs in their amended complaint, will not have claims arising from the common operative facts given the mismatch of claims and contentions alleged as one class. The construction of the class in this manner fails the ascertainably and commonality requirements of *Rule* 23(a).

The class definition, as alleged by plaintiffs, will create parts of the putative class that will simply not be like the others.  Plaintiffs have not plead a putative class capable of satisfying commonality as a matter of law or fact.  Accordingly, the motion to dismiss the amended complaint and/or strike the class claims by McCabe should be granted and the class claims stricken.

### III.     Conclusion

The motion to dismiss the amended complaint and/or strike class claims by defendant,

McCabe, Weisberg & Conway, LLC, should be granted and the claims against defendant,

McCabe, Weisberg & Conway, LLC, dismissed with prejudice.

Respectfully Submitted,

By: /s/ Candidus K. Dougherty
    Jeffrey B. McCarron
    Candidus K. Dougherty
    SWARTZ CAMPBELL LLC
    1650 Market St., 38th Fl.
    Philadelphia, PA 19103
    (215) 299-4296
    cdougherty@swartzcampbell.com

Date:   February 18, 2020